# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| U.S. BANK, N.A., NOT IN ITS NDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST V,<br><br>    Plaintiff,<br>v.<br><br>ANTONIO MARTINEZ and TAMARA MARTINEZ,<br><br>    Defendants. | CASE No. 20-CV-11285 |

## COMPLAINT

### Introduction

This action arises out of a lost promissory note given by the Defendant, Antonio Martinez, and now owned by Plaintiff and Defendant's subsequent failure, despite due demand, to sign a replacement note and return it to the Plaintiff as he agreed to do by the express terms of the mortgage instrument securing the note and signed by him. The loan evidenced by the note and mortgage is in default and Plaintiff seeks to foreclose the mortgage but, given the requirements of G.L. c. 244, § 35C, cannot do so in the absence of an order/judgment by this Court requiring Mr. Martinez to sign the replacement note as he agreed to do in the mortgage instrument or, in lieu thereof, a judgment pursuant to G.L. c. 231A, §1, et. seq. declaring Plaintiff's standing to enforce the lost note and to foreclose the mortgage and estopping Antonio Martinez, and the co-defendant, Tamara Martinez, his successor in title, from contesting same. Alternative theories of recovery are also advanced.

### Parties

1.    Plaintiff, U.S. Bank, N.A., a national bank organized under the laws of the United States of America, acting not in its individual capacity by solely as Trustee of the NRZ Pass-

1

Through Trust V ("U.S. Bank"), has a principal place of business at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107.

2.      Defendant, Antonio Martinez, is an individual who resides at 12 Melville Street, Springfield, MA 01109.

3.      Defendant, Tamara Martinez, is an individual who resides at 143 Cloran Street, Springfield, MA 01109.

## Jurisdiction

4.      The Court has jurisdiction of the parties and of the subject matter of this action pursuant to 28 U.S.C. § 1332 because the complete diversity exists between the Plaintiff, whose principal offices are located in Saint Paul, Minnesota, on the one hand and the Defendants, both of whom are citizens of Massachusetts, on the other and because the amount in controversy exceeds the sum of $75,000.00.

5.      The most recent assessment by the City of Springfield, Massachusetts values the Property which the subject of this Complaint at $143,700.00 as of January 1, 2019.

6.      The total debt secured by the Mortgage at issue in this Complaint is now in excess of $157,000.00 including outstanding principal, accrued but unpaid interest, escrow advances and other fees and charges properly assessed to the Loan account pursuant to the terms of the Note and Mortgage.

7.      Venue is proper as the subject Property is located in Springfield, Massachusetts.

## Facts

8.      Antonio Martinez acquired title to the property known as 143 Cloran Street, Springfield, Massachusetts (the "Property") by Fiduciary Deed dated January 15, 2003 and recorded with the Hampden County Registry of Deeds on the same day in Book 12873, Page 416.

9. Defendant, Antonio Martinez, obtained a mortgage loan in the amount of $84,550.00 from Option One Mortgage Corporation ("Option One") on or about January 15, 2003 (hereinafter the "Loan").

10. The Loan is evidenced by a promissory note given by Antonio Martinez to Option One Mortgage Corporation ("Option One") in the original principal amount of $84,550.00 dated January 15, 2003 (the "Note"). The Note contains a special indorsement via allonge by Option One Mortgage Corporation to Wells Fargo Bank Minnesota, National Association, as Trustee, and further indorsement in blank via allonge by Wells Fargo Bank, N.A., as Trustee, successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee. A copy of the Note is attached hereto as Exhibit 1.

11. To secure the repayment and other obligations contained in the Note, Antonio Martinez granted a mortgage encumbering the Property to Option One in the original principal amount of $84,550.00 dated January 15, 2003 and recorded with said Hampden Deeds in Book 12873, Page 417 (the "Mortgage"). The loan evidenced by the Note and Mortgage is sometimes referred to herein as the "Loan". A copy of the Mortgage is attached hereto as Exhibit 2.

12. According to its business records, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2003-2, Asset-Backed Certificates, Series 2003-2 ("Wells Fargo") acquired physical possession of the original Note on or about January 23, 2003.

13. Plaintiff acquired ownership of the Loan pursuant to a certain Pooling and Servicing Agreement dated March 1, 2003 by and between Option One Mortgage Acceptance Corporation as Depositor, Option One Mortgage Corporation as Master Servicer and Wells Fargo as Trustee.

14. By virtue of a Certificate of Amendment of Articles of Incorporation dated May 29, 2008 filed with the California Secretary of State's Office, Option One Mortgage Corporation

changed its name to Sand Canyon Corporation ("Sand Canyon"). A true copy of said Certificate attached hereto as Exhibit 3.

15. Antonio Martinez conveyed the Property to Tamara Martinez by Quit Claim Deed dated June 23, 2011 and recorded with said Hampden Deeds in Book 18818, Page 324. The recited consideration in the Deed was for "Less Than One Hundred and 00/100 ($100.00) Dollars."

16. Sand Canyon assigned the Mortgage to Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2003-2, Asset-Backed Certificates, Series 2003-2 by assignment recorded with said Hampden Deeds on January 30, 2013 in Book 19661, Page 408. A copy of the Assignment is attached hereto as Exhibit 4.

17. In its capacity as Custodian under the Pooling and Servicing Agreement, Wells Fargo caused the original collateral file for the Loan and sometimes referred to as the "Mortgage File" containing, inter alia, the original note, to be sent to Ocwen Loan Servicing, LLC ("Ocwen"), as servicing agent for Wells Fargo on or about March 7, 2014.

18. On or about February 27, 2017 the Plaintiff acquired ownership of the Loan.

19. Subsequent to the Plaintiff's ownership of the Loan Ocwen continued to act as servicing agent for the Plaintiff on an interim basis.

20. On March 1, 2017, an Ocwen representative executed a Lost Note Affidavit which declared that despite diligent search the whereabouts of the original note could not be determined and was therefore deemed to have been lost, misplaced or destroyed.

21. Wells Fargo formally assigned the Mortgage to the Plaintiff, U.S. Bank, N.A. Not in its Individual Capacity, but solely as Trustee of the NRZ Pass-Through Trust V by instrument dated June 5, 2017 and recorded with said Hampden Deeds in Book 21791, Page 359 a copy of which assignment is attached hereto as Exhibit 5.

22.  Antonio Martinez has defaulted in his monthly payment obligations due under the Note and Mortgage and the Loan is due for the May 1, 2012 contractual due date together with all subsequently accrued monthly installments through April 1, 2020.  Accordingly, the Loan is eight (8) years delinquent.

23.  Regarding lost or misplaced loan documents, paragraph no. 30 of the Mortgage provides as follows:

> "30.  **Lost, Stolen, Destroyed or Mutilated Security Instrument and Other Documents**.  In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with this Security Instrument, Note or notes (collectively the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of the Borrower by Lender, or in the event of the mutilation of any of the Loan Documents, upon Lender's surrender of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed or mutilated Loan Documents, and may be treated for all purposes as the original copy of such Loan Document."

24.  On March 13, 2020 and pursuant to the provisions of paragraph no. 30 of the Mortgage, Plaintiff, through undersigned counsel, sent the Defendant, Antonio Martinez, a letter by certified mail requesting that he sign a Replacement Note containing terms identical to those contained in the original Note that has been lost or destroyed and return it to undersigned counsel on or before March 27, 2020, a copy of which correspondence together with all referenced enclosures is attached hereto as Exhibit 6.  March 13, 2020 letter included copies of (a) the original note and related allonges to the note; (b) the Mortgage as recorded with Hampden Deeds; (c) the mortgage assignments referenced in paragraphs 11 and 16 of this Complaint; (d) an original Indemnity Agreement dated February 3, 2020 as required by paragraph no. 30 of the Mortgage instrument and (e) the Replacement Note to be signed by Mr. Martinez.

25. On May 1, 2020 Plaintiff, through counsel, sent a second request to the Defendant, Antonio Martinez, to sign a replacement note via regular mail, certified mail and overnight courier. Each mailing/package included a copy of undersigned counsel's previous letter to Mr. Martinez of March 13, 2020 together with all enclosures referenced therein

26. Despite Plaintiff's written request and delivery to Mr. Martinez of an original Indemnity Agreement, Defendant Antonio Martinez has failed to execute and deliver the Replacement Note to Plaintiff's counsel or otherwise respond to Plaintiff's counsel's correspondence of March 13, 2020 or to the follow up correspondence sent by Plaintiff's counsel to Mr. Martinez on May 1, 2020.

## COUNT I
## BREACH OF CONTRACT WITH SPECIFIC PEFORMANCE/ESTOPPEL

27. The Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1-26 hereof.

28. Paragraph 12 of the Mortgage states in relevant part that "[t]he covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17." Paragraph 17 addresses a sale or transfer of the Property to any other person or entity without the Lender's prior written consent.

29. Defendant, Antonio Martinez, and his transferee, Defendant Tamara Martinez, were and continue to be bound by the terms of the Mortgage.

30. Defendant Antonio Martinez's refusal to execute and return the Replacement Note to Plaintiff's undersigned counsel despite Plaintiff's written request of March 13, 2020 and delivery to him with the request of an original Indemnity Agreement constitutes a breach of the Mortgage by Defendants Antonio Martinez and Defendant Tamara Martinez.

31. Option One Mortgage Corporation, as original Lender named in the Mortgage, bargained for the benefit of itself and its successors and assigns to be able to reach the Property pledged by Mr. Martinez as collateral of the Loan in the event of a default by Mr. Martinez in his payment obligations and other covenants set forth in the Note and Mortgage.

32. The Defendant, Antonio Martinez, has breached the terms of the Note and Mortgage both by failing to make required monthly payments and by failing by failing despite due demand by Plaintiff to sign a replacement note.

33. The failure of the Defendant, Antonio Martinez, to sign a replacement note as he expressly agreed to do by the express terms of the Mortgage frustrates Plaintiff's ability to foreclose the Mortgage and obtain the benefit of the bargain that was at the core of Option One's loan transaction with Mr. Martinez, i.e., Option One loaned Mr. Martinez the sum of $84,550.00 in exchange for his giving a Option One the Mortgage deed pursuant to which Option One and its successors and assigns could foreclose in conformity with the terms of the Mortgage and applicable law in the event Mr. Martinez defaulted on his payment obligations under the Note.

34. An award of money damages is not an adequate remedy for the Plaintiff in this case because, upon information and belief, the Plaintiff does not have the means to pay the judgment or non-exempt assets from which such a judgment could be satisfied and, in any event, is likely to file bankruptcy in the event such a judgment were to issue and thereby avoided in whole or in part as a judicial lien pursuant to 11.U.S.C. § 522(f).

35. In lieu of a money judgment, Plaintiff seeks specific performance by the Defendant, Antonio Martinez, of his obligations under paragraph 30 of the Mortgage through an order or judgment of this Court requiring Defendant, Antonio Martinez, to sign the replacement note in the form attached hereto as Exhibit 6.

## COUNT II
## DECLARATORY JUDGMENT

36. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-26 hereof.

37. In its capacity as <u>owner</u> of the Loan, including the Note and Mortgage evidencing same, U.S. Bank has standing under applicable law to exercise the default remedies provided for in the Mortgage, including foreclosing by entry and by exercise of the statutory power of sale contained therein. Specific reference is made to *Eaton v. Federal National Mortgage Ass'n,* 462 Mass. 569, n. 2, 969 N.E.2d 1118 (2012).

38. U.S. Bank seeks a declaratory judgment pursuant to G.L. c. 231A, § 1, et seq., that as the owner of the Loan, including the Note and Mortgage evidencing same, U.S. Bank has standing under applicable Massachusetts law to foreclose the Mortgage and to exercise the default remedies provided for therein.

## COUNT III
## UNJUST ENRICHMENT AND EQUITABLE LIEN

39. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1-26 above.

40. U.S. Bank's predecessor-in-interest conferred a measurable benefit on the Defendant, Antonio Martinez, in that the proceeds of the Loan now owned by the Plaintiff were used to enable him to purchase the Property.

41. U.S. Bank's predecessor-in-interest, Option One, negotiated for and reasonably expected that the Loan would be repaid, with interest according to the terms provided for in the Note.

42. That, as is evident from his signature on the Note and Mortgage and other Loan documents, Antonio Martinez accepted the Loan proceeds to enable him to purchase the Property

with knowledge that Option One and its successors and/or assigns expected repayment of the Loan principal, with interest, as provided for in the Note.

43. If it is determined that U.S. Bank is unable to enforce the Note and the Mortgage and exercise the default remedies provided for therein, including the statutory power of sale, it would be unjust to allow the Defendants to have a windfall by not providing Plaintiff with an adequate means of securing repayment of the outstanding principal amount of the Loan by having recourse against the collateral for which its predecessor-in-interest bargained for in the original Loan transaction.

44. Plaintiff prays that the Court exercise its broad equitable powers to impose an equitable lien on the Property in favor of U.S. Ban in an amount to be determined by the Court equal to the original principal sum of the loan plus escrow disbursements for real estate taxes and hazard insurance, if any, but less any repayments of principal heretofore made by Antonio Martinez plus accrued interest to the extent recoverable by law that may be foreclosed upon in the same or similar manner as that provided for in G.L. c. 244, § 14, but without any requirement that it execute and record an affidavit attesting to its status as holder of the Note or one acting as agent for the holder of the Note.

## COUNT IV
## MONIES HAD AND RECEIVED

45. Plaintiff restates and incorporates by reference herein the allegations contained in paragraphs 1-26 above.

46. Defendant Antonio Martinez borrowed money from U.S. Bank's predecessor-in-interest (Option One) and used the Loan proceeds to enable him to purchase the Property.

47. Mr. Martinez has not repaid such sums to U.S. Bank or to any of its predecessors-in-interest and it would be unjust to allow him to retain the benefits of the Loan proceeds without

having to account to U.S. Bank for repayment of the entirety of the Loan proceeds used for the benefit of or directly received by Mr. Martinez.

48. Plaintiff prays that the Court require Mr. Martinez to account for the monies he borrowed and received from Plaintiff's predecessor-in-interest and to repay U.S. Bank all sums so borrowed and not yet repaid.

WHEREFORE, the Plaintiff respectfully requests that the Court:

(a) Enter a judgment on Plaintiff's breach of contract claim by requiring the Defendant, Antonio Martinez, to execute a replacement note in the form attached hereto as Exhibit 6 and deliver same to the Plaintiff's counsel within forty (40) days of the entry of the Judgment;

(b) In lieu of the relief sought in prayer (a) above, grant Plaintiff relief on its breach of contract claim in the form of a judgment (i) estopping both Defendants from contesting Plaintiff's status as a person entitled to enforce the lost note and as holder of and a person entitled to enforce the default remedies set forth in the Mortgage including exercise of the statutory power of sale; (ii) that the terms of the lost Note are as set forth in the copy of the Note proffered by U.S. Bank and attached to this Complaint as Exhibit 1; (iii) that U.S. Bank, N.A., not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V ("U.S. Bank") is the owner of the Note and holder of the Mortgage and thus entitled to enforce the terms of the Note and of the Mortgage, including exercise of the power of sale for breach of conditions thereof; (iv) that U.S. Bank reserves and retains the right to bring another action against the Defendant, Antonio Martinez, to collect any deficiency in the proceeds of a subsequent foreclosure sale (meaning that the proceeds are not sufficient to pay the entire indebtedness due on the Loan as of the date of such sale)

provided that U.S. Bank gives proper notice to such Defendant pursuant to G.L. c. 244 § 17B and (v) that any subsequent affidavit executed by or on behalf of U.S. Bank pursuant to G.L. c. 244, § 35C concerning its standing to foreclose the Mortgage may make specific reference to the Court's judgment entered in this action;

(c)   In the event relief is not afforded to the Plaintiff under prayers (a) and/or (b) above, enter Judgment against both Defendants and in favor of the Plaintiff pursuant to G.L. c. 231A, §1, declaring that, despite Plaintiff's diligent search, the original Note has been lost or mislaid; that the terms of the lost Note are as set forth in the copy of the Note proffered by U.S. Bank and attached to this Complaint as Exhibit 1; and that U.S. Bank, N.A., not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V ("U.S. Bank") is the owner of the Note and holder of the Mortgage and thus entitled to enforce the terms of the Note and of the Mortgage, including exercise of the power of sale for breach of conditions thereof; that U.S. Bank reserves and retains the right to bring another action against the Defendant, Antonio Martinez, to collect any deficiency in the proceeds of a subsequent foreclosure sale (meaning that the proceeds are not sufficient to pay the entire indebtedness due on the Loan as of the date of such sale) provided that U.S. Bank gives proper notice to such Defendant pursuant to G.L. c. 244 § 17B and that any subsequent affidavit executed by or on behalf of U.S. Bank pursuant to G.L. c. 244, § 35C concerning its standing to foreclose the Mortgage may make specific reference to the Court's judgment entered in this action;

(d)   Determine that the original Indemnity Agreement provided by U.S. Bank to the Defendant, Antonio Martinez, constitutes adequate protection against attempted

enforcement of the original note by another person or entity as required pursuant to Superior Court Rule 47 so as to permit U.S. Bank to enforce the terms of the Note and foreclose the Mortgage;

(e)   In the event relief is not granted pursuant to prayers (a), (b) or (c) above, impose an equitable lien on the Property to the extent of sums paid to or for the benefit of the Defendant, Antonio Martinez, from the Loan proceeds plus accrued interest thereon and allow Plaintiff to "foreclose" on such lien in the same or similar manner as that provided for by G.L. c. 244 § 14, but without the necessity of recording an affidavit as to note-holder status otherwise required by G.L. c. 244, § 35C;

(f)   If relief is not granted pursuant to prayers (a), (b), (c) or (e) above, then require the Defendant, Antonio Martinez, to account for the monies had and received by him from Option One and to repay Plaintiff all sums so received and not yet repaid;

(g)   Grant such further relief as the court deems just.

Date: July 8, 2020

Respectfully submitted,
U.S. Bank not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V,
By its attorney,

/s/ John S. McNicholas
John S. McNicholas, Esq., BBO # 546542
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978)-256-1500 (ext. 26203)
jmcnicholas@kordeassociates.com

## VERIFICATION

I, __Minh Nghiem__, am an authorized signor for Nationstar Mortgage LLC d/b/a Mr. Cooper, as servicer for U.S. Bank not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V. I am authorized to make this verification on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper, as servicer for U.S. Bank not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V, and do hereby declare under the pains and penalties of perjury that I have read the foregoing Verified Complaint and know the contents thereof to be true and correct. The same is true to my knowledge except to those matters that are alleged on information and belief; as to those matters, I believe them to be true. No material facts have been omitted from this complaint. This declaration was executed on this __16__ day of __June__ 2020.

Nationstar Mortgage LLC d/b/a Mr. Cooper, as servicer for U.S. Bank not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V,

By: _____ 06/16/2020
Minh Nghiem
Title: Document Execution Associate

State of ___TEXAS___

County of ___DENTON___

The foregoing instrument was acknowledged before me this __16__ day of __June__ 2020, by __Minh Nghiem__ as __Document Execution Associate__ of Nationstar Mortgage LLC d/b/a Mr. Cooper, as servicer for U.S. Bank not in its individual capacity by solely as Trustee of the NRZ Pass-Through Trust V, who is personally known to me or who has produced ___N/A___ as identification.
(SEAL)

Notary Public
_____ 6/16/2020
Printed Notary Public    Britney Fisher
My commission expires  10-03-2021

BRITNEY FISHER
Notary Public, State of Texas
Comm. Expires 10-03-2021
Notary ID 129581923